**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| AMERICAN BUSINESS FINANCIAL | ) | Case No. 05-10203 (MFW) |
| SERVICES, INC., et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| GEORGE L. MILLER, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary No. A-06-50826 (MFW) |
| v. | ) | |
| | ) | |
| GREENWICH CAPITAL FINANCIAL | ) | |
| PRODUCTS, INC., OCWEN LOAN | ) | |
| SERVICING, LLC, WELLS FARGO | ) | |
| BANK, N.A., LAW DEBENTURE | ) | |
| TRUST COMPANY OF NEW YORK, | ) | |
| THE BERKSHIRE GROUP LP, | ) | |
| MICHAEL W. TRICKEY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of Greenwich Capital

Financial Products, Inc. ("Greenwich") for dismissal of the

Amended Complaint filed by George L. Miller (the "Trustee").  For

the reasons set forth below, the Court will deny the motion.

_____

[1] "The court is not required to state findings or
conclusions  when ruling on a motion under Rule 12 . . . ."  Fed.
R. Bankr. P. 7052(a)(3).  Accordingly, the Court herein makes no
findings of fact and conclusions of law pursuant to Rule 7052 of
the Federal Rules of Bankruptcy Procedure.

I.    <u>BACKGROUND</u>

The background to this case and adversary proceeding are set forth in the Court's Opinion dated February 13, 2007 (the "First Greenwich Opinion"), which granted in part Greenwich's motion to dismiss the Original Complaint filed against it by the Trustee. <u>Miller v. Greenwich Capital Fin. Prods., Inc. (In re Am. Bus. Fin. Servs., Inc.)</u>, 361 B.R. 747, 761 (Bankr. D. Del. 2007).

In granting Greenwich's first motion to dismiss, the Court permitted the Trustee to amend his complaint.  The Trustee filed the Amended Complaint on March 13, 2007.  Greenwich filed its Motion to Dismiss the Amended Complaint on April 12, 2007. Briefing was completed by June 18, 2007, and the matter is ripe for decision.

II.   <u>JURISDICTION</u>

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) & 157(b)(1).  Many of the counts are core matters pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (H), (K), & (O).

III.  <u>DISCUSSION</u>

Greenwich moves for dismissal of the claims against it under Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure, which are made applicable to adversary proceedings by Rules 7012(b) and 7009 of the Federal Rules of Bankruptcy

2

Procedure, respectively.  Specifically, Greenwich argues that the Trustee's Amended Complaint fails to state a claim for which relief can be granted and fails to plead fraud with particularity.

    A.   <u>Standard of Review</u>

        1.   <u>Rule 12(b)(6) Dismissal</u>

    A Rule 12(b)(6) motion serves to test the sufficiency of the factual allegations in the plaintiff's complaint.  <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993).  To succeed on a Rule 12(b)(6) motion to dismiss, the movant must establish "to a certainty that no relief could be granted under any set of facts which could be proved."  <u>Morse v. Lower Merion School Dist.</u>, 123 F.3d 902, 906 (3d Cir. 1997) (<u>quoting</u> <u>D.P. Enter., Inc. v. Bucks County Cmty. Coll.</u>, 725 F.2d 943, 944 (3d Cir. 1984)).  "In deciding a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true, and view them in the light most favorable to the plaintiff."  <u>Carino v. Stefan</u>, 376 F.3d 156, 159 (3d Cir. 2004).  All reasonable inferences are drawn in favor of the plaintiff.  <u>Kost</u>, 1 F.3d at 183.  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>abrogated on other grounds by</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814-15 (1982).  <u>See also</u> <u>Maio v. Aetna, Inc.</u>, 221 F.3d 472, 482 (3d Cir. 2000); <u>In re OODC, LLC</u>, 321 B.R. 128, 134 (Bankr. D. Del. 2005)

3

("Granting a motion to dismiss is a 'disfavored' practice . . . . ").

### 2. Rule 8(a)

Rule 8(a) of the Federal Rules of Civil Procedure requires only that a Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement must provide the defendant with fair notice of the claim filed against it. See, e.g., Williams v. Potter, 384 F. Supp. 2d 730, 733 (D. Del. 2005) ("Vague and conclusory factual allegations do not provide fair notice to a defendant.") (citing United States v. City of Phila., 644 F.2d 187, 204 (3d Cir. 1980)).

### 3. Rule 9(b) Dismissal

Where a complaint asserts a claim for fraud, however, the standard for pleading is higher. The complaint must set forth facts with sufficient particularity to apprise the defendant of the charges against him so that he may prepare an adequate answer. In re Global Link Telecom Corp., 327 B.R. 711, 718 (Bankr. D. Del. 2005). To provide fair notice, the complainant must go beyond merely parroting statutory language. Id. See also In re Circle Y of Yoakum, Texas, 354 B.R. 349, 356 (Bankr. D. Del. 2006). A bankruptcy trustee, as a third party outsider to the debtor's transactions, is generally afforded greater liberality in pleading fraud. Global Link, 327 B.R. at 717.

4

B.    Greenwich's Motion to Dismiss

1.    Final DIP Order

Greenwich first argues that the language of the Final DIP Order bars the Trustee's claim that Greenwich committed a fraud on the Court by failing to advise the Court that the value of the I/O Strips was substantially less than the Debtor represented. Specifically, the Final DIP Order provides that:

> The Agent [Greenwich] . . . ha[s] made no representations, offered no opinions, and ha[s] taken no positions . . . regarding the value of any portion of the Collateralized Sub-debt shared Collateral [defined as the I/O Strips], the Debtors have not relied upon any representation, opinion or position of the Agent or the Secured Parties in regard thereto.

(Final DIP Order at 17 (emphasis added).)  In the First Greenwich Opinion, the Court agreed, concluding that this did bar the Trustee's claim of common law fraud or fraud on the court.  Am. Bus. Fin. Servs., 361 B.R. at 756.

The Trustee argues, however, that the basis of his fraud on the court claim is not that Greenwich made representations upon which the Debtor relied but that Greenwich made representations to the Court (in its response to the Creditors' Committee's efforts to obtain a replacement DIP lender) and in its failure to advise the Court that because of the true value of the I/O Strips the Debtor would be in default of the DIP loan as soon as it was approved.  The Trustee has clarified this in the Amended Complaint.  (Amended Complaint ¶¶ 31-58.)

To prove fraud upon the court, the Trustee must establish: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005). In this case the Trustee alleges that Greenwich intentionally made misrepresentations to the Court which deceived the Court into approving the DIP financing. Greenwich, of course, disputes this. Whether the allegations are true, however, is not relevant. The Court must accept the Trustee's allegations as true for purposes of this motion to dismiss. See, e.g., Carino, 376 F.3d at 159; Kost, 1 F.3d at 183. Therefore, the Court concludes that the Trustee's allegations are sufficient to state a claim of fraud on the court.

    2.    Estoppel and in Pari Delicto

Greenwich argues that the Trustee's efforts to vacate the Final DIP Order are barred by the doctrines of estoppel and in pari delicto. Greenwich contends that the Trustee is bound by the Debtor's actions and is precluded from seeking to vacate an order entered at his predecessor's request. See, e.g., In re Teligent, Inc., 326 B.R. 219, 222 (S.D.N.Y. 2005). Greenwich argues that "[c]reditors must be able to deal freely with debtors-in-possession, within the confines of the bankruptcy laws, without fear of retribution or reversal at the hands of a later appointed trustee." Armstrong v. Norwest Bank, Minneapolis, N.A., 964 F.2d 797, 801 (8th Cir. 1992).

6

In addition, Greenwich asserts that the doctrine of _in pari delicto_ bars the Trustee's recovery.  It argues that the Trustee alleges that the Debtor intentionally misled the Court about the value of the I/O Strips.  That alleged fraud by the Debtor is imputed to the Trustee, the successor to the Debtor, thereby precluding the Trustee's claim.  See, e.g., Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., Inc., 267 F.3d 340, 354 (3d Cir. 2001) (stating that "[t]he doctrine of _in pari delicto_ provides that a plaintiff may not assert a claim against a defendant if the plaintiff bears fault for the claim" and concluding that "the in pari delicto doctrine bars the Committee, standing in the shoes of the Debtors, from bringing its claims . . . .").

Although this is an affirmative defense, Greenwich contends that it can be heard at the motion to dismiss stage because it appears from the face of the complaint.  See, e.g., In re Oakwood Homes Corp., 340 B.R. 510, 536 (Bankr. D. Del. 2006) (citing Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001)).

The Trustee responds initially that Greenwich is precluded from making this argument because it could have raised it, but did not, in the first motion to dismiss.  Fed. R. Civ. P. 12(g). The Trustee also argues that the Teligent case cited by Greenwich did not involve the allegations of fraud that the Trustee raises here.  He argues that policy considerations of the finality of orders should not be used to protect parties who procured an

7

order through a fraud on the court.  The Trustee further seeks to distinguish <u>Lafferty</u> by asserting that the instant case deals with post-petition misconduct, rather than pre-petition actions. <u>Lafferty</u>, 267 F.3d at 356.  Finally, the Trustee contends that he fits within the exception to the doctrine of <u>in pari delicto</u>. <u>Id.</u> at 359 (acknowledging the "adverse interest" exception to the doctrine of <u>in pari delicto</u> where "fraudulent conduct will not be imputed [to a successor of the corporation] if the officer's interests were adverse to the corporation and 'not for the benefit of the corporation.'").

Even if Greenwich is correct and affirmative defenses could be raised at this stage, the Court concludes that they should have been raised in the initial motion to dismiss and may not be raised now.  Fed. R. Civ. P. 12(g) ("If a party makes a motion [to dismiss] under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted . . . .").  The purpose of this rule is to promote judicial economy by avoiding the piecemeal presentation of pre-answer defenses.  <u>See, e.g.</u>, <u>Wartsila NSD N.A., Inc. v. Hill Int'l, Inc.</u>, Civ. A. No. 99-4565, 2004 U.S. Dist. LEXIS 28921, at *13-14 (D.N.J. June 22, 2004). As a result, the Court will deny the motion to dismiss on these points.  Greenwich can raise them as affirmative defenses in its answer.

3.    <u>Judicial Estoppel</u>

Greenwich also contends that the Trustee is judicially estopped from seeking to vacate the Final DIP Order by the Trustee's own actions in seeking approval of the use of cash collateral in an emergency motion dated May 26, 2005.  <u>See, e.g.</u>, <u>Montrose Med. Group Participating Sav. Plan v. Bulger</u>, 243 F.3d 773, 779 (3d Cir. 2001) (stating that "judicial estoppel bars a litigant from asserting a position that is inconsistent with one he or she previously took before a court or agency.").  Greenwich argues that in the Trustee's motion to use cash collateral, the Trustee represented that Greenwich's liens would retain the priority they had under the Final DIP Order; Greenwich relied on that representation and Greenwich will now be prejudiced if its liens are challenged.  <u>See, e.g.</u>, <u>In re Integrated Health Servs., Inc.</u>, 304 B.R. 101, 109 (Bankr. D. Del. 2004) (to establish judicial estoppel party must show that other party's position is clearly inconsistent with a prior position that was accepted by the court such that allowing the newly inconsistent position would create an unfair advantage).

Again, the Trustee contends that this argument is an affirmative defense that could have, and should have, been raised in the first motion to dismiss.  The Trustee also argues that judicial estoppel is within the discretion of the court and is an extreme measure that should not be applied to every inconsistency in pleading.  He specifically argues that there must be a finding

9

that the Trustee changed his position in bad faith for the
doctrine to apply.  See, e.g., Montrose Med. Group, 243 F.3d at
779 (concluding that "judicial estoppel is unwarranted unless the
party changed his or her position 'in bad faith - i.e., with
intent to play fast and loose with the court.'"); Integrated
Health, 304 B.R. at 109 (holding that "bad faith is a
prerequisite of judicial estoppel.").  Finally, the Trustee
contends that he did not change his position.  In the cash
collateral motions, the Trustee did not represent to the Court
that Greenwich had a valid security interest, he simply did not
ask the Court to modify whatever rights Greenwich had.

The Court agrees with the Trustee's first argument.
Greenwich should have raised this point in the initial motion to
dismiss and, therefore, may not raise it now.  Fed. R. Civ. P.
12(g).

### 4.   The Release

Greenwich argues that the release provision in the Consent
Agreement bars the Trustee's fraud on the court, common law
fraud, breach of contract and aiding and abetting breach of
fiduciary duty claims against it.  In the First Greenwich
Opinion, the Court concluded that the parties could not have
intended to release all future claims (however they may arise)
but only existing claims and those based on the same set of
operative facts as existing claims which had accrued at the time
of the Release.  Am. Bus. Fin. Servs., 361 B.R. at 754 (citing

Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc., 247
F.3d 44, 58 (3d Cir. 2001) ("[A] release usually will not be
construed to bar a claim which had not accrued at the date of its
execution or a claim which was not known to the party giving the
release."); UniSuper Ltd. v. News Corp., 898 A.2d 344, 347 (Del.
Ch. 2006) (holding that "a release is overly broad if it releases
claims based on a set of operative facts that will occur in the
future.  If the facts have not yet occurred, then they cannot
possibly be the basis for the underlying action."); Fox v. Rodel,
Inc., No. 98-531-SLR, 1999 WL 588293, at *6 (D. Del. July 14,
1999) ("The primary consideration in interpreting a release is to
give effect to the intent of the parties at the time they
contracted . . . .")).  Greenwich, therefore, contends that the
fraud on the court, common law fraud, breach of contract and
aiding and abetting claims are barred as they all arose before
the Consent Agreement was executed.

The Trustee responds that the Release does not bar his
claims because the Consent Agreement itself was procured through
fraud.  See, e.g., Bowersox Truck Sales and Serv. v. Harco Nat'l
Ins. Co., 209 F.3d 273, 279 (3d Cir. 2000) (holding that
provisions which are "executed and procured by fraud, duress,
accident or mutual mistake" are not enforceable) (quoting Three
Rivers Motors Co. v. Ford Motor Co., 522 F.2d 885, 892 (3d Cir.
1975)); In re Northwestern Corp., 313 B.R. 595, 603 (Bankr. D.
Del. 2004) (concluding that "[a] release may be set aside if it

11

was obtained fraudulently.").

In the Amended Complaint, the Trustee alleges that Greenwich repeatedly represented to the Trustee that the I/O Strips were worth more than the debt owed to Greenwich and the Indenture Trustees, while stonewalling the Trustee's efforts to learn their true value (including instructing Trickey not to reveal to the Trustee information regarding the I/O Strips). (Amended Complaint ¶¶ 105-17.)  The Trustee further alleges that in reliance on the misrepresentations, the Trustee entered into the Consent Agreement with its Release. (Amended Complaint ¶¶ 105, 107-17, 164-66.)

> To plead common law fraud under Delaware law,[2] a party
> must plead facts supporting an inference that: (1) the
> defendant falsely represented or omitted facts that the
> defendant had a duty to disclose; (2) the defendant
> knew or believed that the representation was false or
> made the representation with a reckless indifference to
> the truth; (3) the defendant intended to induce the
> plaintiff to act or refrain from acting; (4) the
> plaintiff acted in justifiable reliance on the
> representation; and (5) the plaintiff was injured by
> its reliance.

Abry Partners V, L.P. v. F & W Acquisition, LLC, 891 A.2d 1032, 1050 (Del. Ch. 2006).  The Court concludes that the Trustee has adequately stated a claim for fraud in the inducement with

---

[2]  Although the DIP Loan Agreement is governed by New York
law, the tort actions are governed by Delaware law because the
alleged fraudulent activity primarily occurred in proceedings
before this Court.  See, e.g., Travelers Indem. Co. v. Lake, 594
A.2d 38, 47-48 (Del. 1991) (applying the law of the jurisdiction
with the most "significant relationship" to the occurrence and
the parties).

respect to the Consent Agreement.   Therefore, the Court cannot at this stage conclude that the Trustee's claims are barred by the Release contained in the Consent Agreement.

     5.   <u>Fraud on the Court</u>

Greenwich asserts that the Trustee does not allege sufficiently egregious misconduct to support his claim for fraud on the court.   It argues that the Third Circuit applies a very demanding legal standard to establish fraud on the court and "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court."   <u>Herring</u>, 424 F.3d at 387 n.1 (<u>citing</u> <u>Rozier v. Ford Motor Co.</u>, 573 F.2d 1332, 1338 (5th Cir. 1978)).

The Trustee's fraud claims against Greenwich are based on allegations that Greenwich failed to disclose its own internal lower valuation of the I/O Strips, conspired with Ocwen to convert the Debtor's property, and misrepresented Trickey's relationship to Ocwen.

In the First Greenwich Opinion, the Court dismissed this count because the Trustee failed to allege any facts from which the Court could conclude that Greenwich had a "duty to disclose" its valuation of the I/O Strips or Trickey's relationship to Ocwen or that the Debtor justifiably relied on any representations made by Greenwich concerning the value of the I/O Strips.   In fact, the Final DIP Order and DIP Loan Agreement

13

expressly stated that the Debtor was not relying on any
representation of Greenwich as to the value of the I/O Strips.
(Final DIP Order at 17; DIP Loan Agreement § 10.03.)  Therefore,
the Court concluded that there could be no claim that the Debtor
reasonably relied on any representations or omissions by
Greenwich.

The Trustee contends nonetheless that in the Amended
Complaint he has stated such a claim based on his allegations
that Greenwich made misrepresentations to the Court, not to the
Debtor, at numerous hearings.  (Amended Complaint ¶¶ 43-50.)  The
Trustee further alleges that Greenwich paid the Indenture
Trustees to induce them to remain silent as well.  (Amended
Complaint ¶ 74.)  The Trustee argues that he has pled
sufficiently egregious conduct to support a claim of fraud on the
court.

Greenwich argues that the misrepresentations, if any, were
made by the Debtor and that Greenwich had no duty to speak.  The
Trustee argues, however, that there is a duty to disclose "facts
basic to the transaction, if [one] knows that the other is about
to enter into [a transaction] under a mistake as to them, and
that the other, because of the relationship between them, the
customs of the trade or other objective circumstances, would
reasonably expect a disclosure of those facts."  Restatement
(Second) of Torts § 551(2)(e) (1977).  See also In re Student
Fin. Corp., Civ. A. No. 03-507 JJF, 2004 U.S. Dist. LEXIS 4952,

at *16-18 (D. Del. Mar. 23, 2004).  The Trustee argues that
Greenwich had a duty to speak when it knew the Court was being
misled.

The Court is not prepared to dismiss the Trustee's fraud on
the court count.  The allegations of the Amended Complaint, if
correct, might sustain such a claim.  Greenwich's arguments that
it relied on the Debtor or the Debtor's auditor's opinion in
accepting the Debtor's representation or that the Interim DIP
Order was entered before any alleged misrepresentations were made
by it are all factual issues that go to the weight of the
evidence and not to the legal sufficiency of the Trustee's
allegations.  The motion to dismiss on this point will be denied.

6.   <u>Common Law Fraud and Reasonable Reliance</u>

Greenwich contends that the Trustee's common law fraud count
must be dismissed because (as noted in Part 1 above) the Trustee
cannot allege that the Debtor reasonably relied on any
misrepresentation by Greenwich in light of the express language
in the Final DIP Order that the Debtor could not so rely.  (Final
DIP Order at 17; DIP Loan Agreement § 10.03.)

The Trustee responds that he has adequately detailed his
claim for common law fraud, including specifying the numerous
misrepresentations made by Greenwich: that it intended to abide
by the Loan Agreement; that the Debtor was not in default of the
Loan Agreement from day one; that Greenwich would protect the
value of the I/O Strips; that the I/O Strips were worth more than

15

the secured debt; that Trickey would protect the estate's interests.  (Amended Complaint ¶ 279.)  The Trustee argues that the provisions in the Final DIP Order and Loan Agreement on which Greenwich relies relate only to representations regarding the value of the collateral and do not bar claims for Greenwich's other alleged misrepresentations.  Further, as noted above, the Trustee contends that the Final DIP Order itself was obtained through fraud and, therefore, cannot bar his claims.  The Court agrees with the Trustee that he has provided sufficiently detailed allegations to support his fraud claim.

Greenwich asserts nonetheless that the fraud claim of the Trustee is simply a repeat of his breach of contract claim and "[m]ost courts . . . have held that a contract claim cannot be converted into a fraud claim by the addition of an allegation that the promisor intended not to perform when he made the promise." Papa's-June Music, Inc. v. McLean, 921 F. Supp. 1154, 1160 (S.D.N.Y. 1996).  The Trustee responds that there is nothing to preclude a fraud claim, if properly stated, simply because it shares some facts with a breach of contract claim.  The Court agrees with the Trustee.  In this case the Trustee does not simply allege that Greenwich intended not to perform the Loan Agreement.  The Trustee has listed numerous alleged misrepresentations by Greenwich which, if true, might support a fraud claim.  That is sufficient to withstand a motion to dismiss.

Further, Greenwich contends that any reliance by the Debtor on representations by Greenwich cannot be justified.  <u>See, e.g.</u>, <u>Royal Am. Managers, Inc. v. IRC Holding Corp.</u>, 885 F.2d 1011, 1016 (2d Cir. 1989) ("Where the representation relates to matters that are not peculiarly within the other party's knowledge and both parties have available the means of ascertaining the truth, New York courts have held that the complaining party should have discovered the facts and that any reliance under such circumstances therefore would be unjustifiable.").  The Trustee responds that justifiable reliance cannot be resolved on a motion to dismiss as it is an issue of fact to be proven at trial.  <u>See, e.g.</u>, <u>Event Mktg. Concepts, Inc. v. East Coast Logo, Inc.</u>, Civ. A. No. 97-6812, 1998 U.S. Dist. LEXIS 8707, at *9 n.4 (E.D. Pa. June 16, 1998).

The Court agrees with the Trustee that the determination of justifiable reliance is not a matter for a motion to dismiss but is more properly addressed at trial.  <u>Event Mktg. Concepts</u>, 1998 U.S. Dist. LEXIS 8707, at *9 n.4.  The cases on which Greenwich relies were all determined at a later stage after consideration of the evidence.  <u>Cf.</u> <u>Royal Am. Managers</u>, 885 F.2d at 1016 (determined at close of evidence presented at trial); <u>Grumman Allied Indus., Inc. v. Rohr Indus., Inc.</u>, 748 F.2d 729, 737 (2d Cir. 1984) (determined on summary judgment motion).  Accordingly, the Motion to Dismiss will be denied on this point.

17

7.   <u>Aiding and Abetting Breach of Fiduciary Duty</u>

Greenwich contends that any claim that it aided and abetted a breach of fiduciary duty by the Debtor's officers and directors pre-petition is time-barred because it was not brought before the deadline for filing such a suit established in the Final DIP Order.  (Final DIP Order ¶ 38.)

The Trustee responds that Greenwich may not raise such a defense because it failed to do so in its initial motion to dismiss.  Fed. R. Civ. P. 12(g).  The Trustee further alleges that, because the Final DIP Order was procured by fraud, it cannot be the basis to bar any claim of the Trustee.

The Court agrees with the Trustee that Greenwich may not raise this defense in its second motion to dismiss, having failed to raise it in its first motion to dismiss.  Fed. R. Civ. P. 12(g) ("If a party makes a motion [to dismiss] under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted . . . .").

Greenwich also seeks dismissal of this claim because it asserts that the Trustee has failed to allege adequately that Greenwich knowingly participated in any breach of fiduciary duty by any of the other Defendants.  <u>See, e.g.</u>, <u>Malpiede v. Townson</u>, 780 A.2d 1075, 1097 (Del. 2001) (concluding that to establish liability on aiding and abetting a breach of fiduciary duty,

18

party must establish that "the third party act[ed] with the knowledge that the conduct advocated or assisted constitute[d] such a breach."); Saito v. McCall, No. Civ. A. 17132-NC, 2004 WL 3029876, at *9, n.84 (Del. Ch. Dec. 20, 2004) (stating that "the standard for knowing participation is stringent.").

The Trustee responds that to survive a motion to dismiss it is sufficient to plead knowing participation in a breach of fiduciary duty, which may also be inferred from the facts. Malpiede, 780 A.2d at 1096-97; In re Lukens Inc. Shareholders Lit., 757 A.2d 720, 734 (Del. Ch. 1999).  He contends that his numerous factual allegations on this point are sufficient. (Amended Complaint ¶¶ 227-31.)

The Court agrees with the Trustee.  The facts alleged by the Trustee are sufficient to detail a breach of fiduciary by others, knowledge by Greenwich of those activities, and participation by Greenwich in those activities for its own benefit. (Amended Complaint ¶¶ 24-58, 113-17, 170, 174-75, 227-31.)  This is sufficient to survive Greenwich's motion to dismiss.

### 8.  Breach of Contract Claim

Greenwich contends that the breach of contract claim must be dismissed because the "implied" obligations on which the Trustee relies are inconsistent with the actual provisions of the DIP Loan Agreement.  See, e.g., Geren v. Quantum Chem. Corp., 832 F. Supp. 728, 732 (S.D.N.Y. 1993) (stating that "an implied covenant . . . can only impose an obligation 'consistent with other

19

mutually agreed upon terms in the contract.'"). For example, Greenwich notes that the Trustee asserts that Greenwich breached the "implied covenant of good faith and fair dealing" by "intentionally delay[ing] declaring a default." (Amended Complaint ¶¶ 236-45.) Greenwich argues, however, that the DIP Loan Agreement specifically states that any failure to exercise or delay in exercising its rights was not a waiver of those rights. (DIP Loan Agreement § 11.02.) Thus, Greenwich asks the Court to dismiss the breach of contract claim.

The Trustee responds that his claim is for breach of the contract as well as breach of the implied duty of good faith and fair dealing.

In the Original Complaint, the Trustee merely alleged:

135. The Conduct of Greenwich, Ocwen and the Indenture Trustees constitutes a breach by each such Defendant of their contractual obligations to the Debtor and the Trustee under the applicable contracts, including but not limited to the DIP Financing, Loan Agreement, and other agreements incident to the DIP Financing, the Servicing Rights Transfer Agreement, the Servicing Agreements, and the trust indentures and agreements with the Indenture Trustees.

136. As a result of the Defendants' breach of contract, the Debtor suffered the damages previously alleged.

(Original Complaint ¶¶ 135-36.) In the First Greenwich Opinion, the Court concluded that this was insufficient. In the Amended Complaint, the Trustee now identifies specific provisions of the Loan Agreements that he asserts Greenwich breached. (Amended Complaint ¶ 239.) The Trustee also identifies Greenwich's

specific actions (and intentions) that the Trustee contends constitute those breaches.  (Amended Complaint ¶¶ 240-45.)  The Court concludes that this is sufficient to put Greenwich on notice of the Trustee's claim against it and will deny the Motion to Dismiss this count.

### 9.   Civil Conspiracy Claim

Greenwich contends that the Trustee's civil conspiracy count fails to the extent that the Court determines that the Trustee has not adequately pled an underlying tort.  Because the Court has found that the Trustee has adequately pled underlying torts, this argument must be rejected.

Greenwich further asserts, however, that the civil conspiracy claim must be dismissed because all the underlying claims on which it is based are claims that the Trustee has also pled directly against Greenwich.  It argues that civil conspiracy is not a direct liability but is vicarious liability.  See, e.g., Albert v. Alex. Brown Mgmt. Servs., No. Civ. A. 762-N, 2005 WL 2130607, at *11 (Del. Ch. Aug. 26, 2005); Parfi Holding AB v. Mirror Image Internet, Inc., 794 A.2d 1211, 1238 (Del. Ch. 2001) (dismissing civil conspiracy claims because "there already exist direct claims for breach of fiduciary duty"), rev'd on other grounds, 817 A.2d 149 (Del. 2002).

The Trustee responds that Greenwich misses the point of a conspiracy claim.  If a conspiracy is found, Greenwich would be liable for the tortious acts of its co-conspirators.  See, e.g.,

<u>Levin v. Upper Makefield Township</u>, Civ. A. No. 99-5313, 2003 U.S.
Dist. LEXIS 3213, at *40 (E.D. Pa. Feb. 27, 2003) ("Civil
conspiracy only acts as a mechanism for casting a wide net of
liability on co-conspirators, who themselves may not have
committed a tortious act.").

The Court agrees with the Trustee that the civil conspiracy
claim should not be dismissed.  Although the Trustee has pled
that Greenwich affirmatively committed various torts, it is of
course possible that the Court will find to the contrary at
trial.  The Trustee would be entitled to relief, however, if he
could establish that although Greenwich did not commit a tortious
act, it did conspire with another Defendant who did.  Therefore,
at this stage in the proceedings, the Court cannot conclude that
there is no set of facts that the Trustee could establish which
would make Greenwich liable under a civil conspiracy claim.
Consequently, the Court concludes that dismissal of the civil
conspiracy claim is not warranted.

     10.  <u>Conversion Claim</u>

Greenwich notes that in the First Greenwich Opinion the
Court dismissed the Trustee's claim that Greenwich had converted
the I/O Strips because Greenwich acted in accordance with the
parties' contractual agreements in disposing of the I/O Strips.
<u>Am. Bus. Fin. Servs.</u>, 361 B.R. at 761-62.  Greenwich asserts that
the Court permitted the Trustee to amend his complaint only to
identify specific other property that Greenwich allegedly

22

converted.  Id. at 762.  Greenwich argues that the Trustee has
ignored the Court's direction and still fails to identify in his
Amended Complaint any property converted by Greenwich.

The Trustee responds that the Court permitted him to amend
his complaint not simply to identify specific other property that
Greenwich converted, but also to allege "what wrongful act of
dominion over the Debtor's property [including the I/O Strips]
Greenwich committed." Id.  The Trustee contends that he has done
so in the Amended Complaint.  (Amended Complaint ¶¶ 291-301.)
The Trustee further asserts that he has identified the other
property that is the subject of his conversion count: namely, the
prepayment penalties.  (Amended Complaint ¶ 300.)

The Court agrees with the Trustee.  In the First Greenwich
Opinion the Court's permission to amend the Complaint included
any additional allegations regarding the exercise of dominion
over the Debtor's property, including the I/O Strips, as well as
more particularly identifying the property allegedly converted.
Am. Bus. Fin. Servs., 361 B.R. at 762.  The Court finds that the
allegations in the Amended Complaint are sufficient to state a
claim that Greenwich wrongfully exercised dominion and control
over property of the estate, including the I/O Strips.  (Amended
Complaint ¶¶ 43-66, 93-95, 101-04, 110-17, 163-70, 176, 179-88,
291-301.)

11.  <u>Accounting</u>

Greenwich argues that in the First Greenwich Opinion the Court dismissed the Trustee's accounting claim to the extent that it did not relate to the duty to account pursuant to the Uniform Commercial Code.  <u>Am. Bus. Fin. Servs.</u>, 361 B.R. at 763-64. Notwithstanding that ruling, Greenwich notes that the Trustee did not amend his request for an accounting.  (Amended Complaint ¶ 225.)

The Trustee responds that he could not amend that count because the Court did not allow him to do so.  The Trustee notes that the Court's decision is sufficiently clear to put Greenwich on notice of the part of the Trustee's accounting claim that is still viable.

The Court agrees.  The First Greenwich Opinion is sufficiently clear; the Court need not grant Greenwich's motion to dismiss again.

12.  <u>Equitable Subordination and Objection to Claim</u>

Greenwich argues that the equitable subordination and declaratory relief claims of the Trustee seek the "return to the Trustee [of] all sums received from or on behalf of the Debtors and the Trustee."  (Amended Complaint ¶¶ 304(iv) & 309(l).)  It contends that this is simply a repeat of the turnover count which the Court determined was premature in its First Greenwich Opinion.  <u>Am. Bus. Fin. Servs.</u>, 361 B.R. at 761 (<u>citing</u> <u>In re Student Fin. Corp.</u>, 335 B.R. 539, 554 (D. Del. 2005) (concluding

24

that a statement of a turnover claim under section 542 requires
an allegation that the property has already been avoided or is
the undisputed property of the debtor); In re Hechinger Inv. Co.
of Del., Inc., 282 B.R. 149, 161 (Bankr. D. Del. 2002.)).

The Trustee responds that his claim is for equitable
subordination, not for turnover.  The Trustee contends that an
equitable subordination claim does not seek any return of
specific property but simply asks that Greenwich's claim be paid
after all other creditors' claims.  To the extent that the
equitable subordination claim is allowed, the Trustee argues that
he would be entitled to declaratory relief as well.

The Court agrees with the Trustee and will not dismiss his
claim for equitable subordination or declaratory relief.  The
Court previously denied Greenwich's motion to dismiss the
equitable subordination count in the First Greenwich Opinion.
Am. Bus. Fin. Servs., 361 B.R. at 763.

### 13.  Declaratory Relief

Greenwich also argues that to the extent the Court dismisses
any count, the Trustee's request for declaratory relief with
respect to that count should also be dismissed.  Because the
Court is not dismissing any of the Trustee's other counts, it
will allow the Trustee to seek declaratory relief to the extent
that adequate relief is not otherwise available.

25

IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that Greenwich's Motion to Dismiss will be denied.

An appropriate Order is attached.


Dated: March 20, 2008                    BY THE COURT:


                                         Mary F. Walrath
                                         United States Bankruptcy Judge