**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | ) Chapter 7 |
| | ) |
| AMERICAN BUSINESS FINANCIAL | ) Case No. 05-10203 (MFW) |
| SERVICES, INC., et al., | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| ———————————————————— | ) |
| | ) |
| GEORGE L. MILLER, TRUSTEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adversary No. A-06-50826 (MFW) |
| v. | ) |
| | ) |
| GREENWICH CAPITAL FINANCIAL | ) |
| PRODUCTS, INC., OCWEN LOAN | ) |
| SERVICING, LLC, WELLS FARGO | ) |
| BANK, N.A., LAW DEBENTURE | ) |
| TRUST COMPANY OF NEW YORK, | ) |
| THE BERKSHIRE GROUP LP, | ) |
| MICHAEL W. TRICKEY, | ) |
| | ) |
| Defendants. | ) |
| ———————————————————— | ) |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of Ocwen Loan Servicing, LLC

("Ocwen") for dismissal of the Amended Complaint filed against it

by George L. Miller (the "Trustee"). For the reasons set forth

below, the Court will deny the motion.

_____

[1] "The court is not required to state findings or
conclusions when ruling on a motion under Rule 12 . . . ." Fed.
R. Bankr. P. 7052(a)(3). Accordingly, the Court herein makes no
findings of fact and conclusions of law pursuant to Rule 7052 of
the Federal Rules of Bankruptcy Procedure.

I.   <u>BACKGROUND</u>

The background to this case and adversary proceeding are set forth in the Court's Opinion dated February 13, 2007 (the "First Ocwen Opinion"), which granted in part Ocwen's motion to dismiss the Original Complaint filed against it by the Trustee.  <u>Miller v. Greenwich Capital Fin. Prods., Inc. (In re Am. Bus. Fin. Servs., Inc.)</u>, 362 B.R. 149 (Bankr. D. Del. 2007).

In granting Ocwen's first motion to dismiss, the Court permitted the Trustee to amend his complaint.  The Trustee filed the Amended Complaint on March 13, 2007.  Ocwen filed its Motion to Dismiss the Amended Complaint on April 16, 2007.  Briefing was completed by June 18, 2007, and the matter is ripe for decision.


II.  <u>JURISDICTION</u>

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) & 157(b)(1).  Many of the counts are core matters pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (H), (K), & (O).


III. <u>DISCUSSION</u>

Ocwen moves for dismissal of the claims against it under Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure, which are made applicable to adversary proceedings by Rules 7012(b) and 7009 of the Federal Rules of Bankruptcy Procedure, respectively.  Specifically, Ocwen argues that the

2

Trustee's Amended Complaint fails to state a claim for which relief can be granted and fails to plead fraud with specificity.

A.   <u>Standard of Review</u>

1.   <u>Rule 12(b)(6) Dismissal</u>

A Rule 12(b)(6) motion serves to test the sufficiency of the factual allegations in the plaintiff's complaint.  <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993).  To succeed on aRule 12(b)(6) motion to dismiss, the movant must establish "to a certainty that no relief could be granted under any set of facts which could be proved."  <u>Morse v. Lower Merion School Dist.</u>, 123 F.3d 902, 906 (3d Cir. 1997) (<u>quoting</u> <u>D.P. Enter., Inc. v. Bucks County Cmty. Coll.</u>, 725 F.2d 943, 944 (3d Cir. 1984)).  "In deciding a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true, and view them in the light most favorable to the plaintiff."  <u>Carino v. Stefan</u>, 376 F.3d 156, 159 (3d Cir. 2004).  All reasonable inferences are drawn in favor of the plaintiff.  <u>Kost</u>, 1 F.3d at 183.  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>abrogated on other grounds by</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814-15 (1982).  <u>See also</u> <u>Maio v. Aetna, Inc.</u>, 221 F.3d 472, 482 (3d Cir. 2000); <u>In re OODC, LLC</u>, 321 B.R. 128, 134 (Bankr. D. Del. 2005) ("Granting a motion to dismiss is a 'disfavored' practice . . . .").

3

2.   Rule 8(a)

Rule 8(a) of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  The statement must provide the defendant with fair notice of the claim filed against it.  See, e.g., Williams v. Potter, 384 F. Supp. 2d 730, 733 (D. Del. 2005) ("Vague and conclusory factual allegations do not provide fair notice to a defendant.") (citing United States v. City of Phila., 644 F.2d 187, 204 (3d Cir. 1980)).

3.   Rule 9(b) Dismissal

Where a complaint asserts a claim for fraud, however, the standard for pleading is higher.  The complaint must set forth facts with sufficient particularity to apprise the defendant of the charges against him so that he may prepare an adequate answer.  In re Global Link Telecom Corp., 327 B.R. 711, 718 (Bankr. D. Del. 2005).  To provide fair notice, the complainant must go beyond merely parroting statutory language.  Id.  See also In re Circle Y of Yoakum, Texas, 354 B.R. 349, 356 (Bankr. D. Del. 2006).  A bankruptcy trustee, as a third party outsider to the debtor's transactions, is generally afforded greater liberality in pleading fraud.  Global Link, 327 B.R. at 717.

B.    <u>Ocwen's Motion to Dismiss</u>

    1.    <u>Breach of Fiduciary Duty</u>

In the Trustee's Original Complaint, he alleged a breach of fiduciary duty count against Ocwen based on the following allegations:

> 125.  Paragraphs 1 through 124 above are incorporated herein by reference, as though set forth in full.
>     . . . .
> 128.  In its capacity as a loan servicer for property of the Debtor, Ocwen owed fiduciary duties to the Debtor, including duties of honesty, and fair dealing.

(Original Complaint ¶¶ 125 & 128.)  Specifically, the Trustee alleged that Ocwen failed to service the loan portfolios properly which resulted in a substantial devaluation of the I/O Strips. (Original Complaint ¶¶ 69-89.)  The Trustee also alleged that Ocwen withheld financial information pertaining to the I/O Strips from potential bidders thereby preventing the bidders from properly valuing the property.  (<u>Id.</u>)

On February 13, 2007, the Court issued an Opinion concluding that these allegations were insufficient under New York law, which governs the contracts in question.[2]  <u>Am. Bus. Fin. Servs.</u>, 362 B.R. at 158.  The Court found that none of the facts alleged in the Original Complaint indicated that Ocwen was under "a duty to act for or to give advice for the benefit of" the Debtor or that the Debtor reposed special confidence in Ocwen and

_____

    [2]  The Servicing Agreement provides that New York law applies.  (<u>See</u> Servicing Agreement § 10.15.)

5

reasonably relied on Ocwen's superior expertise or knowledge. Id. at 158 (citing Reznor v. J. Artist Mgmt., Inc., 365 F. Supp. 2d 565, 574 (S.D.N.Y. 2005) ("Under New York law, a fiduciary relationship exists when one person 'is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation.'"); WIT Holding Corp. v. Klein, 724 N.Y.S.2d 66, 68 (N.Y. App. Div. 2001) (recognizing a fiduciary relationship "where one party reposes confidence in another and reasonably relies on the other's superior expertise or knowledge.")).  Without such allegations, the Court held that Ocwen, as a loan servicer, did not owe any fiduciary duties to the Debtor, a note holder.  Argonaut P'ship L.P. v. Bankers Trustee Co., Nos. 96 CIV. 1970 (LLS), 00 CIV. 4244 (LLS), 2001 WL 585519, at *3 (S.D.N.Y. May 30, 2001) (concluding that the servicer of loans owed no fiduciary duties to the note holders and the indenture trustees when the servicing agreement indicated a conventional business relationship).

In the Amended Complaint, the Trustee has added several allegations relevant to the breach of fiduciary duty count. Specifically, the Trustee now alleges:

> 154. As part of the relationship that was established upon the sale of the Debtor's servicing rights, the Debtor and Trustee reposed special trust in and reliance on the judgment and competence of Ocwen as relates to the future servicing of the Mortgage Loans.

> 155. In fact, to induce the Debtor to enter into the Servicing Rights Transfer Agreement, Ocwen represented that it had substantial experience and superior

knowledge in servicing Mortgage Loans of the type at issue.  See Section 3.02 of the Servicing Rights Transfer Agreement.

156. As part of the relationship that was established upon the sale of the Debtor's servicing rights, Ocwen became an agent and fiduciary for the Debtor, especially as relates to the collecting, maintenance and dissemination of non-public financial information concerning the Mortgage Loans for which servicing was being transferred from the Debtor to Ocwen.

157. As part of the relationship that was established upon the sale of the Debtor's servicing rights, the Debtor and Trustee relied upon Ocwen to protect and preserve the Debtor's rights and interests in the I/O Strips, and to minimize the Debtor's continuing obligations to repurchase delinquent Mortgage Loans.
                    . . . .
159. Section 5.07 of the Servicing Rights Transfer Agreement recognized the Debtor's continued vulnerability and reliance upon Ocwen as relates to the collection, maintenance, control and dissemination of critical non-public financial information with respect to the thousands of Mortgage Loans underlying the I/O Strips, without which information the Debtor would be unable to comply with its responsibilities to the Securitization Trusts and unable to protect its significant interest in the I/O Strips.

160. When Ocwen became responsible to service the Mortgage Loans, it also became the Debtor's agent for purposes of maintaining and transmitting to the Debtor all "reasonably requested information and reports" concerning the Mortgage Loans, especially including the critical information concerning delinquencies.
                    . . . .
162. As part of the relationship that was established upon the sale of the Debtor's servicing rights, Ocwen became a fiduciary of the Debtor and was precluded from abusing that trust and relationship for its own benefit and to the detriment of the Debtor.

(Amended Complaint ¶¶ 154-62.)

Contrary to Ocwen's assertions in its Motion to Dismiss,

these allegations do assert that Ocwen possessed special

expertise or knowledge and that Ocwen had a relationship of higher trust with the Debtor.  While Ocwen may argue that the actual relationship between the parties was merely a business relationship, it is not proper for the Court to decide disputed facts at this stage.  Rather, the Court must take the allegations as pled by the Trustee as true for purposes of this motion.  <u>See, e.g.</u>, <u>Carino</u>, 376 F.3d at 159; <u>Kost</u>, 1 F.3d at 183.  The allegations in the Amended Complaint are sufficient to state a claim for breach of fiduciary relationship.  Ocwen's Motion to Dismiss that count will be denied.

Ocwen also asks the Court to dismiss the breach of fiduciary duty claim because it contends that it is merely duplicative of the Trustee's breach of contract claim against it.  Even if this were so, it is not a basis for dismissing that count.  A party may plead alternative claims for relief based on the same facts alleged.  Fed. R. Civ. P. 8(d)(2) ("A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").  <u>See, e.g.</u>, <u>U.S. Gypsum Co. v. Nat'l Gypsum Co.</u>, 352 U.S. 457, 467 (1957) ("[A]lternative pleading is expressly sanctioned by the Federal Rules of Civil Procedure, Rule 8 . . . ."); <u>Parente v. Bell Atlantic Pennsylvania</u>, No. Civ. A. 99-5478, 2000 WL 419981, at *3 (E.D. Pa. Apr. 18, 2000) (noting "the longstanding

principle of allowing parties to plead in the alternative."). Further, as noted above, the Trustee does allege that (in addition to the breach of contract action) he has a claim for breach of fiduciary duty because of the special trust reposed by the Trustee in Ocwen.  These are separate claims based on separate factual allegations and should not be dismissed as duplicative.

   2. <u>Conversion</u>

  In the First Ocwen Opinion, the Court dismissed the Trustee's conversion claim against Ocwen because the Trustee had failed to allege in the Original Complaint that a demand had been made for the return of the converted property.  <u>Am. Bus. Fin. Servs.</u>, 362 B.R. at 163 (<u>citing</u> <u>Schloss v. Danka Bus. Sys. PLC</u>, No. 99 Civ. 0817 (DC), 2000 WL 282791, at *7 (S.D.N.Y. Mar. 16, 2000) (concluding that "to maintain an action for conversion, plaintiff must allege that a demand for the return of property was made and that a refusal to comply with this demand followed.")).  Again, the Court gave the Trustee leave to amend. Fed. R. Civ. P. 15(a).

  Ocwen argues in its Motion to Dismiss the Amended Complaint that the conversion claim for the holdback and prepayment penalties is based solely on the Debtor's rights under the parties' contracts and, therefore, must be dismissed as duplicative of the breach of contract claim.  The Court rejects this argument because as noted above Rule 8 permits flexible

pleading of alternative theories of recovery. The breach of contract and conversion claims present two separate theories of recovery and are not simply duplicative as Ocwen suggests. <u>See, e.g.</u>, <u>Berger & Montaque, P.C. v. Scott & Scott, LLC</u>, 153 F. Supp. 2d 750, 754 (E.D. Pa. 2001) (holding that because Rule 8(e)(2)[3] allows a plaintiff "to plead two or more alternative claims against [a defendant] for either breach of contract or conversion, regardless of their consistency, and whether based on legal, equitable or other grounds, Defendant's motion to dismiss the claim for conversion must, at this juncture, be denied."). <u>See also</u> 5 Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 1282 (3d ed. rev. 2008) ("[I]n a complex legal environment flexible pleading [is] essential to a full presentation of all relevant facts and legal theories at trial and the final settlement of disputes on their merits. Consequently, under Rule 8(e)(2), a party may plead alternatively or hypothetically within a single count or defense, or assert separate claims or defenses in an alternative or multiple manner.")

Further, as noted in the First Ocwen Opinion, to the extent the Trustee alleges sufficient facts, a claim for conversion can be pursued. <u>See, e.g.</u>, <u>In re Ticketplanet.com</u>, 313 B.R. 46, 69 (Bankr. S.D.N.Y. 2004) ("Under New York law, conversion is any

---

[3] As of December 1, 2007, the alternative pleading provisions of Rule 8(e)(2) have been placed in Rule 8(d)(2).

unauthorized exercise of control by one who is not the owner which interferes with a superior possessory right of another in property.")

Ocwen argues nonetheless that the Amended Complaint fails to cure the defect in the Original Complaint noted by the Court in the First Ocwen Opinion, because the Trustee merely added that "despite demand, Greenwich and Ocwen have failed and refused to return the Debtor's property . . . ." (Amended Complaint ¶ 299.) Ocwen argues that this conclusory pleading does not satisfy even the loose pleading requirements of Rule 8(a). See Williams, 384 F. Supp. 2d at 733 (holding that "[v]ague and conclusory factual allegations" do not comply with Rule 8(a)).

The Court disagrees with Ocwen. The Amended Complaint does allege that demand was made and that Ocwen refused to return the property. Nothing more is required at the pleading stage. See, e.g., U.S. v. Baxter Int'l Inc., 345 F.3d 866, 881 (11th Cir. 2003) ("Because the Federal Rules embody the concept of liberalized 'notice pleading,' a complaint need contain only a statement calculated to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' . . . [T]he threshold of sufficiency to which a complaint is held at the motion-to-dismiss stage is 'exceedingly low.'") (citations omitted). Consequently, the Court will deny Ocwen's Motion to Dismiss the conversion claim in the Amended Complaint.

3.   <u>Accounting</u>

In the First Ocwen Opinion, the Court dismissed the Trustee's request for an accounting because the Trustee had cited no right to an accounting in the parties' contracts and because the Court had dismissed the Trustee's claims for breach of fiduciary duty and conversion.  <u>Am. Bus. Fin. Servs.</u>, 362 B.R. at 165.

Ocwen argues now that the count seeking an accounting in the Amended Complaint must also be dismissed because (1) the Trustee still has alleged no contractual basis for that claim; (2) there is no fiduciary or trust relationship between Ocwen and the Trustee or the Debtor by which Ocwen was entrusted with property of the estate for which it must account; and (3) the Trustee cannot establish that money damages are an insufficient remedy.

The Trustee responds that he has a right to an accounting because he has now adequately pled his conversion claim.  The Trustee argues that the Amended Complaint alleges that Ocwen converted, inter alia, the Debtor's interest in the I/O Strips, thereby requiring an accounting of that property.

The Court agrees with the Trustee.  The Trustee's conversion claim, as pled, does support his request for an accounting.  <u>See, e.g.</u>, <u>Bouley v. Bouley</u>, 797 N.Y.S.2d 221, 223 (N.Y. App. Div. 2005) ("The fiduciary relationship necessary to obtain an accounting is created by the plaintiff entrusting to the defendant some money or property with respect to which the

12

defendant is bound to reveal his dealings.").  The Trustee
contends that Ocwen wrongfully acquired the I/O Strips from the
Debtor thereby requiring that Ocwen account to the estate for
that property.  Accepting those allegations as true, as it must
in considering Ocwen's Motion to Dismiss, the Court concludes
that they are sufficient to support the Trustee's claim for an
accounting.

### 4.   Intentional Fraudulent Transfer

In the First Ocwen Opinion, the Court concluded that the
Trustee's allegations in the Original Complaint regarding actual
fraud were conclusory and not pled with sufficient particularity.
Am. Bus. Fin. Servs., 362 B.R. at 160.  Accordingly, the Court
dismissed those counts of the Original Complaint against Ocwen
(and Greenwich).

Ocwen argues that the Amended Complaint still fails to meet
the heightened requirements of Rule 9(b) to plead fraud.  See,
e.g., Balko v. Carnegie Fin. Group, Inc. (In re Balko), 348 B.R.
684, 694 (Bankr. W.D. Pa. 2006) (holding that Rule 9(b) requires
"a plaintiff to specify the time, place and substance of the
defendant's alleged fraudulent conduct.  The claimant must allege
more than mere conclusory allegations of fraud or the technical
elements of the same.  In a case involving multiple defendants,
'the complaint should inform each defendant of the nature of his
alleged participation in the fraud,' and should not vaguely
attribute allegedly fraudulent statements simply to all

'defendants.'") (citations omitted).  Further, Ocwen contends

that the Trustee has failed to allege a fundamental element of

its fraudulent conveyance count: that the Debtor made the

transfer with the intent to defraud, hinder or delay its

creditors.  See, e.g., Picard v. Taylor (In re Park S. Sec.,

LLC), 326 B.R. 505, 517 (Bankr. S.D.N.Y. 2005).

The Trustee responds that he has alleged with sufficient

detail that Ocwen acted fraudulently.  Specifically, he argues

that the Amended Complaint alleges that Ocwen intentionally

failed to service the Mortgage Loans portfolio properly, thereby

reducing the perceived value of the I/O Strips which it then

purchased at auction for a substantially reduced price.  (Amended

Complaint ¶¶ 179-89.)  The natural consequence of its actions was

to defraud the Debtor's creditors.  See, e.g., United States v.

Tabor Court Realty Corp., 803 F.2d 1288, 1305 (3d Cir. 1986)

(holding that a party is deemed to have intended the natural

consequences of his actions).  The Court agrees with the Trustee

that these allegations are sufficient to state a claim for fraud.

Further, the Trustee contends that he has alleged that Ocwen

and the other Defendants were fiduciaries and/or agents of the

Debtor with respect to the property of the estate which they held

and/or administered on the Debtor's behalf.  Therefore, he argues

that the fraudulent intent of the Defendants in transferring that

property satisfies the statutory requirements.  See, e.g., DeNune

v. Consol. Capital of N. Am., Inc., 288 F. Supp. 2d 844, 849

14

(N.D. Ohio 2003) (construing "debtor" to include officers and directors of parent company who controlled the debtor).

The Court agrees with the Trustee that the alleged intent of Ocwen to defraud the creditors is sufficient.  Under the New York fraudulent conveyance statute, there is no requirement that the debtor be the one with the intent to defraud.  Rather, the statute simply states that a "conveyance made . . . with actual intent . . .  to hinder, delay, or defraud either present or future creditors, is fraudulent . . . ."  N.Y. Debt. & Cred. Law § 276 (McKinney 2001).  See also William Iselin & Co. v. Boardwalk Regency Corp., 703 F. Supp. 1084, 1088-89 (S.D.N.Y. 1989) (statute included transfers of debtor's property effected by debtor's officer).

Consequently, the Court will deny the Motion to Dismiss this count.

### 5.  Civil Conspiracy

In the First Ocwen Opinion, the Court concluded that the object and time period of the alleged conspiracy and the conduct of the conspirators were not pled with particularity and consequently the Trustee had failed to state a claim for civil conspiracy.  Am. Bus. Fin. Servs., 362 B.R. at 164.  Leave to amend was granted.  Ocwen asserts that the Amended Complaint is similarly deficient.

In the Original Complaint, the Trustee had pled the conspiracy count in a conclusory manner as follows:

141.   Paragraphs 1 through 140 are incorporated herein by reference, as though set forth in full.

142.   The Defendants conspired with each other, and others, in an effort to perpetrate, facilitate, and aid and abet the frauds and other wrongs alleged herein.

143.   The Defendants took substantial overt acts, as aforesaid, in furtherance of the conspiracy alleged herein and are liable for the damage and harm to the Debtor.

144.   As a result of the Defendant's conspiracy, the Debtor suffered the damages previously alleged.

(Original Complaint ¶¶ 141-44.)

The Trustee contends that the Amended Complaint satisfies the particularity requirements by alleging in more detail the object, time period, and specific acts that Ocwen took as part of the conspiracy.

The Court agrees.  The allegations in the Amended Complaint do sufficiently detail the Trustee's assertions regarding the object of the conspiracy, the acts taken by Ocwen in furtherance of the alleged conspiracy, and the period of the alleged conspiracy.  Specifically, paragraph 109 asserts that Ocwen misled the Trustee and Court as to the value of the I/O Strips; paragraphs 154-62 and 227-31 contend that Ocwen had a fiduciary duty to the Trustee which it breached; paragraphs 185-87 and 298-301 allege that Ocwen converted thirteen I/O Strips; paragraph 280 contends that Ocwen committed fraud by entering into the contracts which it did not intend to honor, by chilling the bidding of the servicing rights, by conspiring with Greenwich to

16

convert the I/O Strips, by misrepresenting its intention to preserve the value of the I/O Strips, by concealing its relationship with Trickey, by concealing financial information about the I/O Strips, and by assisting Greenwich in misleading the Trustee as to the value of the I/O Strips; paragraph 288 asserts that Ocwen wasted, converted, and stifled competitive bidding on the I/O Strips, concealed the relationship between Ocwen and Trickey, and concealed Ocwen's breach of contract.  The Court concludes that the allegations of the Amended Complaint are sufficiently detailed to state a claim for conspiracy.

      6.  <u>Aiding and Abetting Fraud</u>

In the First Ocwen Opinion, the Court dismissed this count against Ocwen because it was premised on an allegation that Ocwen had aided and abetted Greenwich's fraud and the Court had dismissed the underlying fraud claim against Greenwich for failure to specify the fraud with the detail required by Rule 9(b).  <u>Am. Bus. Fin. Servs.</u>, 362 B.R. at 157.  The Trustee has amended the Complaint to re-allege the fraud claim against Greenwich and the aiding and abetting claim against Ocwen with more specificity.

Ocwen contends that this claim should be dismissed, however, because regardless of whether the claim against Greenwich is adequately pled, there are insufficient allegations against Ocwen that it aided and abetted that fraud.  Specifically, Ocwen asserts that the Trustee fails to allege that Ocwen had actual

17

knowledge of, or provided substantial assistance in, the fraud. See, e.g., Nigerian Nat'l Petroleum Corp. v. Citibank, N.A., No. 98 Civ. 4960 (MBM), 1999 WL 558141, at *8 (S.D.N.Y. July 30, 1999); Brug v. Enstar Group, Inc., 755 F. Supp. 1247, 1256 (D. Del. 1991).

The Trustee disagrees. He contends that the allegations in the Amended Complaint are sufficient in light of the relaxed pleading standard applicable to trustees in bankruptcy. See, e.g., Global Link, 327 B.R. at 717. In the Amended Complaint, the Trustee alleges that Ocwen participated with Greenwich in an effort to suppress the value of the I/O Strips, to withhold financial information, to discourage other bidders, and to convert that property for its own benefit. (Amended Complaint ¶¶ 123, 125-26, 179, 182-87.) The Trustee further alleges that Ocwen, together with the other Defendants, concealed Trickey's status as an officer of Ocwen. (Amended Complaint ¶¶ 168, 170, 174-75.) Finally, the Trustee asserts that Ocwen participated in the efforts of Greenwich to conceal from the Trustee the true value of the I/O Strips. (Amended Complaint ¶¶ 116, 165.)

The Trustee argues that because Trickey was an officer of Ocwen, the knowledge and actions of Trickey are imputed to Ocwen. See, e.g., St. James Recreation, LLC v. Rieger Opportunity Partners, LLC, No. Civ. A. 19346, 2003 WL 22659875, at *6 n.29 (Del. Ch. Nov. 5, 2003) (suggesting that "if a corporate officer participates in the wrongful conduct, or knowingly approves the

18

conduct, the officer, as well as the corporation, is liable for the penalties.") The Amended Complaint alleges that Trickey had actual knowledge of and actively participated in the scheme to mislead the Trustee about his relationship with Ocwen. (Amended Complaint ¶¶ 11, 165, 168, 170, 178.) The Amended Complaint also alleges that Trickey had actual knowledge of and actively participated in the wrongful conduct of Greenwich. (Amended Complaint ¶ 178.)

Ocwen argues that the actions of Trickey cannot be imputed to it because the Trustee has not alleged that Trickey committed the wrong in the course of his employment while clothed with apparent authority from Ocwen. See, e.g., Am. Film Techs., Inc. v. Taritero (In re Am. Film Techs., Inc.), 175 B.R. 847, 854 (Bankr. D. Del. 1994). Because the Trustee alleges that Trickey hid his relationship with Ocwen, Ocwen contends that the Trustee cannot establish that Trickey was acting with apparent authority from Ocwen.

If the Trustee were to establish that Ocwen knew of and directed Trickey's activities (even though that direction was hidden from the Trustee), and those actions were fraudulent, the Trustee would be able to establish a claim for aiding and abetting a fraud against Ocwen. Under New York law, to establish a claim for aiding and abetting a fraud, a plaintiff must show: (1) fraud; (2) knowledge of the fraud; and (3) substantial assistance in the commission of the fraud. Gabriel Capital, L.P.

19

v. NatWest Fin., Inc., 94 F. Supp. 2d 491, 500 (S.D.N.Y. 2000).
At the motion to dismiss stage, the Trustee need only show that
there is some set of circumstances under which his claim may
succeed.  Under that standard, the Court concludes that the
Trustee's allegations in the Amended Complaint, if accepted as
true as they must be at this stage, are sufficient to establish a
claim for aiding and abetting a fraud.  The Court will deny the
Motion to Dismiss this count of the Amended Complaint.

        7.   Fraud

     Ocwen also moves for dismissal of the fraud claims against
it, asserting that the Trustee fails to plead fraud with the
requisite particularity.  Specifically, Ocwen argues that the
Trustee fails to allege that Ocwen breached any obligation other
than its contractual obligations.  See, e.g., Pinkert v. John J.
Olivieri, P.A., No. Civ. A. 99-380-SLR, 2001 WL 641737, at *5 (D.
Del. May 24, 2001) (holding that no fraud claim may arise for
breach of contract unless there was an independent duty imposed
by law).  Ocwen argues that a breach of contract claim "cannot be
'bootstrapped' into a fraud claim merely by . . . alleging that
[Ocwen] never intended to perform."  Id. (quoting Iotex Commc'ns,
Inc., v. Defries, No. 15817, 1998 WL 914265, at *5 (Del. Ch. Dec.
21, 1998)).

     The Trustee responds that the Amended Complaint alleges that
Ocwen committed fraud in connection with the formation of the
contracts, not simply in failing to perform those contracts.

Further the Trustee notes that this Court has already determined
in its First Ocwen Opinion that he has stated a claim against
Ocwen for fraud.  <u>Am. Bus. Fin. Servs.</u>, 362 B.R. at 157.
Therefore, the Trustee asserts that Ocwen's motion improperly
seeks to reargue this point.

The Court agrees with the Trustee.  While Ocwen
characterizes the Trustee's fraud claim as "new," it is not.  The
Trustee has merely added factual allegations relative to that
claim in response to the Court's dismissal of other counts.  The
Court has already determined that the Trustee has stated a claim
for fraud against Ocwen.  The addition of factual allegations
relative to that claim (and the Trustee's other claims) does not
permit Ocwen to re-litigate this issue.  <u>See, e.g.</u>, <u>SEC v.
Lucent</u>, No. 04-CV-2315 (WHW), 2006 WL 2168789, at *4-5 (D.N.J.
Jun. 20, 2006) (holding that law of the case mandates denial of
motion to dismiss claims that were earlier determined to have
been sufficiently pled).  The Motion to Dismiss will be denied on
this point.

8.  <u>Standing for Breach of Contract Claim</u>

In the First Ocwen Opinion, the Court dismissed the
Trustee's breach of contract claim concluding, inter alia, that
the Trustee failed to allege that the Trustee or the Debtor were
parties or third-party beneficiaries to the Servicing Agreement.
<u>Am. Bus. Fin. Servs.</u>, 362 B.R. at 162 (<u>citing</u> <u>TeeVee Toons, Inc.
v. Gerhard Schubert GmbH</u>, No. 00 Civ. 5189 (RCC), 2006 WL

21

2463537, at *3 (S.D.N.Y. Aug. 23, 2006) ("As a general rule, absent status as an intended third-party beneficiary, one may sue on a contract only if one is a party to that contract.")).  The Trustee was granted leave to amend.

The Trustee's Amended Complaint alleges specifically that one Debtor (American Business Credit, Inc. or "ABC") was a party to the Servicing Agreements and that the Servicing Agreements state that the other Debtors were intended beneficiaries in their capacities as certificate holders.  (Amended Complaint ¶¶ 141, 144-47.)  The Trustee further contends that Ocwen's failure to service the Mortgage Loans properly was also a breach of the Transfer Agreement to which the Trustee and Debtors were parties and/or third-party beneficiaries.  (Amended Complaint ¶¶ 124, 148-53.)

Ocwen argues that the Amended Complaint is still deficient. It contends that the Trustee cannot allege any damages were sustained by ABC, which was the prior servicer of the Mortgage Loans.  It further asserts that the certificate holders have no standing because the Servicing Agreement omitted them from the list of parties and third-party beneficiaries of that Agreement and listed only the Indenture Trustees as parties with standing to assert the rights of the certificate holders.  (See Amended Complaint Ex. P, §§ 9.13, 9.14, 11.13.)  Finally, Ocwen contends that under the language of the Servicing Agreements, any right to sue for breach of section 5.03 (for allegedly improper

22

reimbursements by Ocwen from the Collection Account) belongs only to the Indenture Trustees, not the Debtors. (<u>Id.</u> at §§ 5.03, 9.13, 9.14.)

The Trustee responds that while the contracts give the Indenture Trustees standing to sue, they do not give them the sole or exclusive standing to sue. He contends that the fact that the contracts expressly name the certificate holders as third-party beneficiaries is sufficient to give the certificate holders themselves standing to sue. <u>See, e.g.</u>, <u>TeeVee Toons, Inc.</u>, 2006 WL 2463537, at *3.

The Court agrees with the Trustee. Ocwen's argument is more properly a defense to the Trustee's Amended Complaint than the basis for a motion to dismiss. For purposes of the instant motion, the Court must accept as true all the well-pled allegations of the Complaint and may not decide contested facts. <u>See, e.g.</u>, <u>Carino</u>, 376 F.3d at 159; <u>Kost</u>, 1 F.3d at 183. The Trustee has alleged standing under the contracts to sue for breach of contract. That is sufficient and the Motion to Dismiss on this ground will be denied.

    9.   <u>Breach of Contract</u>

The Trustee alleges that Ocwen breached the Transfer and Servicing Agreements by, inter alia, improperly transferring collected prepayment penalties to Greenwich. Ocwen argues that the Trustee fails to state a claim for relief because those payments were required by law. Specifically, Ocwen contends that

23

the payments were required to be made to Greenwich under section 5.05 of the Transfer Agreement and applicable law because Greenwich had a security interest in all assets of the Debtors.

Ocwen's allegations, again, are insufficient to support its Motion to Dismiss.  The Trustee has alleged that the transfers were improper and a breach of Ocwen's contractual obligations. While Ocwen may dispute those allegations, the Court must accept them as true for purposes of the instant Motion to Dismiss.  The Motion will be denied on this point.

### 10.  Claims Dismissed with Prejudice

Ocwen contends that the Court dismissed with prejudice the Trustee's claims for nullification of the sale of the I/O Strips and declaratory relief related to other claims it had dismissed. Notwithstanding that dismissal, the Trustee has re-alleged those same claims in his Amended Complaint.  Compare Amended Complaint ¶¶ 304(i) & 309(a)-(k), (m) with Original Complaint ¶¶ 150(i) & 155(a)-(l).  Ocwen asserts those claims should be dismissed for the same reasons as they originally were.

The Trustee responds that the claims were not dismissed with prejudice.  See, e.g., Semteck Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001) (unless court specifies that dismissal is with prejudice, it is a dismissal without prejudice).  Because the Trustee has amended his claims, he contends that the claims for declaratory relief related to them are also appropriate.

24

The Court agrees with the Trustee.  The Court has determined
that the Trustee has stated claims for relief and denied Ocwen's
Motion to Dismiss those claims.  At this stage of the
proceedings, the Court cannot determine if adequate relief can be
afforded to the Trustee on those claims without granting
additional declaratory relief.  As a result, the claim for
declaratory relief should not be dismissed.

11. <u>Equitable Subordination and Declaratory Relief Claims</u>

Ocwen argues that the equitable subordination and
declaratory relief claims of the Trustee seek the "return to the
Trustee [of] all sums received from or on behalf of the Debtors
and the Trustee."  (Amended Complaint ¶¶ 304(iv) & 309(l).)  It
contends that this is simply a repeat of the turnover count which
the Court determined was premature in its Opinion dealing with
Greenwich's motion to dismiss.  <u>Miller v. Greenwich Capital Fin.
Prods., Inc. (In re Am. Bus. Fin. Servs., Inc.)</u>, 361 B.R. 747,
761 (Bankr. D. Del. 2007) (<u>citing</u> <u>In re Student Fin. Corp.</u>, 335
B.R. 539, 554 (D. Del. 2005) (concluding that a statement of a
turnover claim under section 542 requires an allegation that the
property has already been avoided or is the undisputed property
of the debtor); <u>In re Hechinger Inv. Co. of Del., Inc.,</u>, 282 B.R.
149, 161 (Bankr. D. Del. 2002)).

The Trustee responds that his claim is for equitable
subordination, not for turnover.  The Trustee notes that the
Court already denied Ocwen's motion to dismiss the equitable

subordination count in the First Ocwen Opinion.  Am. Bus. Fin.
Servs., 362 B.R. at 164-65.

The Court agrees with the Trustee and will not dismiss his
claim for equitable subordination or declaratory relief.


IV.  CONCLUSION

For the foregoing reasons, the Court concludes that Ocwen's
Motion to Dismiss will be denied.

An appropriate Order is attached.


Dated: March 20, 2008              BY THE COURT:


                                   Mary F. Walrath
                                   United States Bankruptcy Judge