**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
IN RE:                             )  Chapter 7
                                   )
AMERICAN BUSINESS FINANCIAL        )  Case No. 05-10203 (MFW)
SERVICES, INC., et al.,            )
                                   )  (Jointly Administered)
            Debtors.               )
_____)
                                   )
GEORGE L. MILLER, TRUSTEE,         )
                                   )
            Plaintiff,             )
                                   )  Adversary No. A-06-50826 (MFW)
        v.                         )
                                   )
GREENWICH CAPITAL FINANCIAL        )
PRODUCTS, INC., OCWEN LOAN         )
SERVICING, LLC, WELLS FARGO        )
BANK, N.A., LAW DEBENTURE          )
TRUST COMPANY OF NEW YORK,         )
THE BERKSHIRE GROUP LP,            )
MICHAEL W. TRICKEY,                )
                                   )
            Defendants.            )
_____)
```

### MEMORANDUM OPINION[1]

Before the Court is the Motion of Greenwich Capital Financial Products, Inc. ("Greenwich") for determination that its designation of certain documents produced in discovery as confidential is proper. The Motion is opposed by George L. Miller (the "Trustee"). For the reasons set forth below, the Court will grant the motion.

---

[1] This Memorandum Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

I.   BACKGROUND

On September 13, 2006, the Trustee filed a complaint against Greenwich and others.[2]  The Trustee asserted the following twelve claims against Greenwich: (1) turnover; (2) fraudulent transfer avoidance and recovery under the Bankruptcy Code; (3) fraudulent transfer avoidance and recovery under state law; (4) request for an accounting; (5) breach of fiduciary duty; (6) aiding and abetting a breach of fiduciary duty; (7) breach of contract; (8) common law fraud; (9) civil conspiracy; (10) conversion; (11) objections to and subordination of Greenwich's claims; and (12) declaratory relief.

During the course of discovery in this case, the parties executed a Stipulated Protective Order which provided inter alia that parties could designate documents produced in discovery as confidential.  In the absence of consent or a Court order, confidential documents could be disclosed only to counsel and to those assisting counsel in the case (including officers and employees of the parties and expert witnesses or consultants).

The Trustee advised Greenwich that he disagreed with the confidential designation of certain documents.  As a result, in

---

[2] The background to this case and adversary proceeding are set forth in more detail in the Court's Opinion dated February 13, 2007 (the "First Greenwich Opinion"), which granted in part Greenwich's motion to dismiss the Original Complaint filed against it by the Trustee.  Miller v. Greenwich Capital Fin. Prods., Inc. (In re Am. Bus. Fin. Servs., Inc.), 361 B.R. 747, 761 (Bankr. D. Del. 2007).

accordance with the Stipulated Protective Order, Greenwich filed a motion with the Court for a determination that the designation was proper.  The Trustee opposed the motion and oral argument was heard on May 21, 2008.  At the conclusion of the hearing, the Court permitted the Trustee to submit a supplemental brief.  The matter is now ripe for decision.

II.  JURISDICTION

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) & 157(b)(1).  Many of the counts are core matters pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (H), (K), & (O).

III. DISCUSSION

The ten documents in question are memoranda prepared for and minutes of meetings of Greenwich's Credit & Commitments Committee and Group Credit Committee.[3]  (See Declaration of William Gallagher at ¶ 4 and Supplemental Declaration of William Gallagher at ¶ 2, filed under seal on May 23, 2008, at Adv. D.I. ## 382 & 384, respectively.)  They include analyses of credit applications and are kept confidential by Greenwich, are not shared with third parties, and are not even accessible internally except on a need-to-know basis.  (Id. at ¶¶ 6 & 4, respectively.)

---

[3] Greenwich also designated deposition testimony relating to the documents.

3

Greenwich maintains that the documents are business records which include sensitive commercial information regarding inter alia the manner in which Greenwich assessed credit risk in determining whether to engage in various transactions with ABFS. Greenwich notes that the Trustee has full access to these documents for purposes of this litigation and is challenging the designation only so he can reveal them to third parties and the public.  Greenwich contends the Court is authorized to enter a protective order with respect to a "trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).  It contends that it has shown "good cause" for such an order.  Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).

The Trustee disagrees and contends that Greenwich has failed to show "with specificity" that the disclosure of the documents "will work a clearly defined and serious injury" to it.  Id.  The Trustee asserts that the documents prove that Greenwich committed fraud and that "[t]he public has an overriding interest in knowing of Greenwich's fraud and dishonesty."  (Plaintiff's Opposition at 17.)  The Trustee notes that the Philadelphia Court of Common Pleas has recognized this public interest in denying a motion for a protective order sought by Credit Suisse First Boston in related litigation.

The Court rejects the Trustee's arguments.  The decision by the Court of Common Pleas is distinguishable.  (Plaintiff's

Opposition at Exhibit G.)  The documents at issue there were documents that Credit Suisse had already produced to the Pennsylvania Securities Commission, which was not a party to the litigation.  (Id. at 3.)  Consequently, the Court of Common Pleas held that it had no power to preclude the Commission from disclosing those documents to the Trustee.  (Id. at 4.)  Further, unlike here, Credit Suisse had not identified the specific documents which it sought to protect.  (Id. at 5.)

As an initial matter, it is significant that the documents at issue were produced in discovery and have not been filed of record or used at trial.[4]  Therefore, any public interest in matters which are part of the judicial record is not implicated here.  See, e.g., Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33, 34 (1984) ("[R]estraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information. . . .  In sum, judicial limitations on a party's ability to disseminate information discovered in advance of trial implicates the First Amendment rights of the restricted party to a far lesser extent than would restraints on dissemination of information in a different context.").

---

[4] At oral argument, the Court asked why section 107(b) of the Bankruptcy Code (which requires a bankruptcy court to protect trade secrets, confidential research and commercial information) did not support the enforcement of the Stipulated Protective Order.  In his supplemental memorandum, the Trustee noted that section 107 applies only to papers filed in the bankruptcy case or adversary proceeding and that the documents at issue here have never been filed of record.

To facilitate the open exchange of documents and information, discovery materials are not typically filed or disclosed to anyone other than the parties to the litigation. See, e.g., Seattle Times, 467 U.S. at 33 ("[P]retrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice.") (citations omitted); Leucadia, Inc. v. Applied Extrusion Technologies, Inc., 998 F.2d 157, 165 (3d Cir. 1993) (refusing to extend the federal common law of right to access to documents filed with court in connection with discovery motions); Anderson v. Cryovac, Inc., 805 F.2d 1, 10 (1st Cir. 1986) ("Although we agree that the public has a right of access to some parts of the judicial process, we conclude that this right does not extend to documents submitted to a court in connection with discovery proceedings.").

Therefore, the Court finds unpersuasive the Trustee's argument that the public's interest in "the fraud perpetrated by Greenwich" (which has not been proven in any court of law) warrants the unlimited production of discovery documents. The Trustee argues nonetheless that "the Greenwich documents concern issues of global importance regarding the inner workings of the securitization of the residential sub-prime mortgage industry, the collapse of which has caused one of the worst global economic catastrophes of our time." (Plaintiff's Opposition at 11, citing

Cipollone v. Liggett Group, Inc., 113 F.R.D. 86, 87 (D.N.J. 1986) ("It is inconceivable [here] . . . that under such circumstances the public interest is not a vital factor to be considered in determining whether to further conceal that information and whether a court should be a party to that concealment.")

The language in Cipollone cited by the Trustee, however, is dicta. In that case, the Third Circuit had previously granted a writ of mandamus and directed the District Court not to consider any First Amendment implications (such as public interest) but rather to address only the standards for granting a protective order under Rule 26(c). Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1118-1121, 1123 (3d Cir. 1986). As a result, although it felt that the public interest was important, the District Court was constrained to ignore it in analyzing the protective order under Rule 26. 113 F.R.D. at 87.

The Supreme Court has held that protective orders entered in accordance with Rule 26(c) which preclude the dissemination of documents obtained in discovery do not offend the First Amendment. See, e.g., Seattle Times, 467 U.S. at 37 ("We therefore hold that where, as in this case, a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment."); Anderson, 805 F.2d at 6 (concluding that "Seattle Times has

7

foreclosed any claim of an absolute public right of access to discovery materials."); Cipollone, 785 F.2d at 1119 (concluding that the Seattle Times decision "is consistent with the position that the first amendment is simply irrelevant to protective orders in civil discovery").

In this case there is no question that the Stipulated Protective Order is limited to pretrial discovery and does not restrict the dissemination of the information gained from other sources. Therefore, the only question is whether Greenwich has established good cause under Rule 26(c) for restricting dissemination of the documents.

> Rule 26(c) provides in part that
>
> The court may, for good cause, issue an order to
> protect a party or person from annoyance,
> embarrassment, oppression, or undue burden or expense,
> including one or more of the following:
> (A)  forbidding the disclosure or discovery;
> (B)  specifying terms, including time and place, for
> the disclosure or discovery;
>                         . . .
> (F)  requiring that a deposition be sealed and opened
> only on court order;
> (G)  requiring that a trade secret or other
> confidential research, development, or
>     commercial information not be revealed or be
>     revealed only in a specified way . . . .

Fed. R. Civ. P. 26(c). Thus, a Court may enter an order to protect trade secrets, commercial information and even to prevent embarrassment to a producing party. Leucadia, 998 F.2d at 166 ("Documents containing trade secrets or other confidential business information may be protected from disclosure.");

Cipollone, 785 F.2d at 1121 ("Rule 26(c) protects parties from embarrassment as well as from disclosure of trade secrets.").

The burden of proving that good cause exists for the entry of a protective order rests on the party seeking the order. See, e.g., Leucadia, 998 F.2d at 165.

> In the context of discovery, it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that "good cause" exists for the order of protection. . . . "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity."

Pansy, 23 F.3d at 786 (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984).

In this case, Greenwich has articulated a reason for the protection of the documents at issue. It contends that they contain confidential business information, including the method by which Greenwich assessed credit risk in determining whether to provide financing to a sub-prime lender such as ABFS. Greenwich asserts that competitors could use this information to undercut Greenwich in competing for business and could otherwise capitalize on Greenwich's knowledge and experience in the business.

The Trustee argues that Greenwich's assertions are insufficient and without the requisite specificity. The Trustee also contends that Greenwich's arguments must fail because their need for secrecy no longer exists in light of the collapse of the

sub-prime market and the fact that the information in question is three to five years old.

The Court's review of the documents submitted under seal confirms that they do contain the type of information described by Greenwich and are confidential business records entitled to protection. Although the sub-prime industry may be in trouble, Greenwich's method of assessing credit risk in that industry is equally applicable to other transactions and its dissemination therefore could be harmful to Greenwich. Further, the fact that the information is several years old is not relevant as the documents deal with general business practices of Greenwich that its competitors could still find useful. See, e.g., Encyclopedia Brown Prods., Ltd. v. HBO, Inc., 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit."); Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. 866, 891 (E.D. Pa. 1981) (concluding that even old business information should be protected because it "may be extrapolated and interpreted to reveal a business' current strategy, strengths, and weaknesses.").

Therefore the Court concludes that Greenwich has met its burden of showing good cause for the designation of the documents as confidential and the protection of them under the Stipulated Protective Order.

The Trustee seeks to avoid this result by arguing in his Supplemental Memorandum that the confidential information in the documents could be redacted.  He argues that the redacted documents should not be subject to the Stipulated Protective Order.

The Court rejects the Trustee's suggestion.  In this case the Stipulated Protective Order permits the Trustee to use the unredacted documents for purposes of preparing for and prosecuting the pending adversary proceeding.  The restriction on his use of the documents for other purposes is permissible if not mandated by Rule 26(c).  See, e.g., Seattle Times, 467 U.S. at 32 ("As in all civil litigation, petitioners gained the information they wish to disseminate only by virtue of the trial court's discovery processes [which is] a matter of legislative grace.  A litigant has no First Amendment right of access to [and right to disseminate to the public] information made available only for purposes of trying his suit.")

The Trustee further argues that the disclosure of the information is necessary to allow the Trustee to defend himself from the allegations in Greenwich's counterclaim which impugn his integrity.  He argues that because he is a public official this militates in favor of releasing the information.  Pansy, 23 F.3d at 788-89 (where the document at issue "involves issues or parties of a public nature, and involves matters of legitimate public concern, that should be a factor weighing against entering

11

or maintaining an order of confidentiality. . . . [because] [t]he public has a substantial interest in the integrity or lack of integrity of those who serve them in public office.").

It is usually the public official who is seeking a protective order to prevent the public disclosure of information. In this case it is the public official who seeks disclosure. The reason is obvious: the documents at issue do not relate to the Trustee at all. Rather, they are documents relating to Greenwich's dealings with ABFS and the Debtors. In addition, Greenwich has not used these documents (or any other documents) to impugn the Trustee's reputation in the press or in any public forum. Therefore, there is no need for the Trustee to respond in public.

What the Trustee wants is to use the documents to impugn Greenwich in a public forum rather than to use them to defend himself in this private litigation. The Court has already warned the Trustee to restrict his efforts to proving his case in this Court and not the court of public opinion. The Stipulated Protective Order allows the Trustee to use all of the confidential documents in defending himself in this adversary proceeding. His efforts to use them in any other manner is not a legitimate purpose and therefore militates against disclosure. See, e.g., Pansy, 23 F.3d at 787 ("[A] factor to consider is whether the information is being sought for a legitimate purpose or for an improper purpose.").

12

The Court is also very concerned with the behavior of counsel for the Trustee in this case who repeatedly files pleadings in which he seeks to try his case. In this matter, the Trustee devotes seven pages of his opposition to describing the allegedly fraudulent conduct of Greenwich "evidenced" by the documents in question. The Court does not consider such argument as evidence of anything and it is a waste of counsel's and this Court's time.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant Greenwich's Motion to determine that certain confidential designations are proper.

An appropriate Order is attached.

Dated: August 20, 2008                BY THE COURT:

                                      *[signature: Mary F. Walrath]*

                                      Mary F. Walrath
                                      United States Bankruptcy Judge